**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| JASKARAN PREET SINGH SINGH | CIVIL ACTION NO. 26-0705 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| BRIAN ACUNA, ET AL. | MAGISTRATE JUDGE McCLUSKY |

# JUDGMENT

The petitioner, Jaskaran Preet Singh Singh ("Petitioner"), sought a writ of habeas corpus based on an alleged violation of the Fifth Amendment's Due Process Clause. Record Document 1 at 14. Petitioner, a detained Indian citizen, argued that the Due Process Clause entitled him to a bond hearing, even though he was in the United States unlawfully. *See id.* at 14. The Magistrate Judge recommended that the habeas petition be granted and that Petitioner be released. Record Document 14 (denying statutory relief). After considering that recommendation, the undersigned declined to adopt it and stayed this case until the United States Court of Appeals for the Fifth Circuit decided *Sosnava Rodriguez v. Miguel Vergara*. Record Document 18.

The Fifth Circuit recently issued its mandate in *Sosnava* and held that detention without a bond hearing under 8 U.S.C. § 1225(b)(2)(A) does not violate the Fifth Amendment's Due Process Clause. *Sosnava Rodriguez v. Miguel Vergara*, No. 26-50183, 2026 WL 3181188 at *5 (5th Cir. Oct. 23, 2026)(en banc). Reasoning that unlawful aliens "may not assert a right to further process governing their admission beyond what Congress has provided in § 1225(b)(2)(A), the Fifth Circuit concluded:

"The Constitution does not entitle them to a bond hearing." *Id.* at *6. It found the same whether construed as a theory of procedural or substantive due process. *Id.* at *6, *12.

Here too, the Petitioner is subject to mandatory detention as an unlawful alien seeking admission under § 1225(b)(2). *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). Considering the Fifth Circuit's mandate in *Sosnava*, Petitioner's arguments that his detention without an individual bond hearing violated the Fifth Amendment's Due Process Clause fail. The Court holds, therefore, that Petitioner is not entitled to habeas relief.

Considering the foregoing,

**IT IS ORDERED** that the previously issued stay, Record Document 18, is **LIFTED**.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus, Record Document 1, is **DENIED**.

**DONE AND SIGNED** at Shreveport, Louisiana, this 27th day of October, 2026.

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE